UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSE HUMBRETO SANTOS, | ) |
| Petititoner | ) |
| vs. | ) CAUSE NO. 2:17-CV-288 RLM-MJD |
| J.E. KRUEGER, Warden, | ) |
| Respondent | ) |

MEMORANDUM AND ORDER

Jose Humberto Santos is trying to vacate a detainer that the Commonwealth of Virginia said it doesn't plan to enforce. Unfortunately, this court doesn't have the power to give him that relief.

Mr. Santos is serving a 144-month sentence imposed by the Superior Court for the District of Columbia. He entered into, and has traveled through, the Bureau of Prisons with a detainer lodged by the Arlington (Virginia) County Police Department for robbery. The Interstate Agreement on Detainers Act, 18 U.S.C. App. 2, provides a remedy for people who, like Mr. Santos, face detainers from other jurisdictions. The person may notify the detaining jurisdiction's prosecuting officer where he can be found, and ask for a "final disposition" of the charge on which the detainer is based. 18 U.S.C. App. 2, § 2, Art. III(a). If the charge on which the detainer is based isn't tried or otherwise resolved within 180 days of that notification, the charge is to be dismissed.

Mr. Santos has tried to follow the path mapped by the Interstate Agreement on Detainers. In April 2015, at Mr. Santos's request, the Bureau of Prisons sent notice to the Commwealth Attorney in Arlington that Mr. Santos was asserting his right under the Interstate Agreement on Detainers, and could be found at the Federal Correctional Complex in Tuscon, Arizona (Mr. Santos has since been transferred to the federal penitentiary at Terre Haute). No word came back from Virginia. Pursuant to Bureau policy, a second notice was sent to the Commonwealth Attorney in July 2015. On the same day, a Bureau of Prisons' staff member called the Commonwealth Attorney and was told that the Commonwealth would take no action on the detainer.

In December 2015, Mr. Santos submitted a question to Bureau of Prisons' staff about what had become of his Interstate Agreement on Detainers request, and was told:

> There is a copy of a cop-out response to you from your previous institution indicating that the 180-days had lapsed on your IAD process and it was your responsibility since time had lapsed to contact the prosecutor regarding your IAD rights. Since your arrival at Coleman, nothing has been received from Arlington County regarding your case and the detainer is still in-place. If you have received anything regarding this case, please have your unit team forward a copy to Records for further verification.

In June 2017, Mr. Santos filed this petition under 28 U.S.C. § 2241. It's unclear whether he did anything else with respect to the detainer in the intervening seventeen months, but that doesn't matter for purposes of today's ruling.

Mr. Santos asks the court to: (a) order the warden and the Bureau of Prisons to redact from his prison records any reference to the detainer, and (b) dismiss the Arlington charge and expunge any reference to it in the National Criminal Information Center files.

Mr. Santos misreads the law under which he seeks relief. The Interstate Agreement on Detainers provides that if the charge giving rise to the detainer isn't resolved within the time allowed, "such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice." 18 U.S.C. App. 2, § 2, Art. III(d). Mr. Santos understands "the court" to refer to the federal court — this is a federal law, after all — in the district where he, the party asserting his rights under the Interstate Detainer, is located — in other words, the United States District Court for the Southern District of Indiana.

But the only court with the authority to dismiss the robbery charge against Mr. Santos is the Commonwealth court in Arlington County, where the case pends — and that is "the court" to which the Interstate Detainer refers. This federal court has no inherent authority over the county court, and that court isn't a party to this action. Mr. Santos's remedy (to which he might well be entitled) is to be found in Virginia.

Nor is the Bureau of Prisons authorized to vacate the detainer lodged by Virginia, precisely because the detainer was lodged by Virginia, not by the BOP.

If the detainer is to be removed from the prison's records, it is Virginia that must remove it. This isn't to say that Virginia can enforce the detainer, or proceed on the robbery charge against Mr. Santos — because this court doesn't have the power to give Mr. Santos the relief he seeks, it would improper for the court to offer its thoughts on that topic — but based on this record, it appears that a robbery charge is still pending against Mr. Santos in Virginia, and Virginia hasn't withdrawn the detainer.

Mr. Santos is free to ask the courts of the Commonwealth of Virginia to dismiss the robbery case based on a failure to comply with the Interstate Agreement on Detainers and to order the detainer withdrawn, but his remedy lies there. Not here.

The court appreciates how complex things are for an inmate trying to enforce his rights under the Interstate Agreement on Detainers, even when the Bureau of Prisons lends a hand. But that appreciation doesn't give the court powers it otherwise doesn't have. The court DENIES the petition for writ of habeas corpus and orders entry of judgment for the respondent.

SO ORDERED.

ENTERED:  June 21, 2018

/s/ Robert L. Miller, Jr.
Robert L. Miller, Jr., Judge
United States District Court

Distribution:

JOSE HUMBERTO SANTOS
57339-007
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov